**Luigj KOKAJ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–3249, A77–693–683.

United States Court of Appeals, Sixth Circuit.

June 10, 2004.

Luigi Kokaj, Hartland Township, MI, for Petitioner.

William C. Erb, Mark C. Walters, Margaret J. Perry, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before KENNEDY and GILMAN, Circuit Judges; and SHADUR, District Judge.*

### ORDER

Luigj Kokaj, a citizen of Albania currently residing in Michigan, moves for pauper status, requests the appointment of counsel, and petitions for review of an order of the Board of Immigration Appeals affirming an immigration judge's decision denying his requests for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kokaj and his wife illegally entered the United States through Mexico in 2000 and were placed in removal proceedings. Kokaj conceded that they were removable, but applied for the relief above on behalf of himself and his spouse. A hearing was held before an immigration judge (IJ), at which Kokaj testified that he had been persecuted in Albania due to his political opinion, and feared that he would be subjected to persecution on that ground if he returned. Kokaj testified that his family had been persecuted under the Communist rule of Albania, and that he had been persecuted after the Communist party was overthrown because he was active in the Democratic party. The IJ found that the persecution of Kokaj's family by the Communists was too remote to render Kokaj eligible for asylum and that his claims of fear of persecution were contradicted by the State Department Country Reports, and denied all the relief requested. The Board of Immigration Appeals (BIA) affirmed the IJ's decision without opinion. Before this court, Kokaj reasserts the merits of his claims and argues that the affirmance without opinion by the BIA violated his due process rights.

* The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

Initially, we note that we recently rejected the argument that the streamlined procedure under which the BIA affirmed the IJ's decision without opinion violates the Due Process Clause. *Denko v. INS,* 351 F.3d 717, 730 (6th Cir.2003). Therefore, this argument is without merit.

On the merits of Kokaj's claims, the denial of his claims for relief is reviewed under the substantial evidence standard. *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). In order to be eligible for asylum, Kokaj was required to establish that he suffered past persecution or has a well-founded fear of future persecution. *Mikhailevitch v. INS,* 146 F.3d 384, 389 (6th Cir.1998). If past persecution is established, the alien is presumed to have a well-founded fear of future persecution unless a preponderance of the evidence establishes that conditions have changed to such an extent that no well-founded fear of persecution exists. *Marcu v. INS,* 147 F.3d 1078, 1081 (9th Cir.1998). An IJ's fact finding is conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Koliada v. INS,* 259 F.3d 482, 486 (6th Cir.2001). Upon careful consideration, we conclude that the IJ in this case failed to make specific findings of fact as to whether Kokaj suffered persecution following the collapse of the Communist rule of Albania, and this matter must therefore be remanded for further proceedings.

Kokaj indicated that he and his family had been persecuted under the Communists. The IJ concluded that this allegation of persecution was too remote to qualify Kokaj for asylum because conditions in Albania had changed in that the Communist party no longer rules the country. Kokaj also testified that he was persecuted under the Socialist party's rule because he was active in the Democratic party. Specifically, he testified that in 1997, after the Socialists won the national election, his house was burned down, his barn blown up, his farm animals killed, and his farm machinery destroyed. He also testified that he was arrested in 1999 for attending a rally by the Democratic party. The IJ never made any specific finding as to whether these events constituted persecution based on political opinion. An adverse credibility finding is entitled to deferential review where it is supported by specific reasons. *Balasubramanrim v. INS,* 143 F.3d 157, 162 (3d Cir.1998). In this case, the IJ also never made a specific finding that Kokaj's testimony was incredible. At one point, she indicated that she believed Kokaj's testimony, because she stated that Kokaj may have had a well-founded fear of persecution in 1997. The Ninth Circuit has held that, where no adverse credibility finding is made, it should be presumed that the IJ found the alien's story credible. *Kataria v. INS,* 232 F.3d 1107, 1114 (9th Cir.2000). On the other hand, the IJ may have rejected Kokaj's testimony, because she stated that his claims were contradicted by the Country Reports. If so, we conclude that this would be an insufficient basis for finding Kokaj's testimony incredible. While the State Department Reports are generally the best source of information on conditions in foreign nations, *Gonahasa v. U.S. INS,* 181 F.3d 538, 542 (4th Cir.1999), the reports certainly did not address or refute Kokaj's personal experiences, and in a broader context, the report from 2000 actually corroborated Kokaj's story to the extent that it indicated that there were several unsolved murders of Democratic party members, and that the police were known to beat prisoners, particularly those who were Democratic party members. In summary, the IJ's fact findings are insufficient to review her conclusions that Kokaj is ineligible for asylum based on his experiences since the Socialist party took pow-

er in Albania, as she neither found that Kokaj's testimony was incredible or gave any specific reasons that would support such a finding, and she made no finding that his testimony, if believed, did not establish persecution. If Kokaj has established persecution under the Socialist party's rule, the IJ made no specific findings as to how the preponderance of the evidence established a change in conditions that would show that Kokaj could have no well-founded fear of future persecution.

The IJ's reliance on the fact that Kokaj has three older brothers who remain in Albania and have not experienced any persecution is faulty, because Kokaj testified that his brothers were not politically active. Therefore, his brothers' experiences are not persuasive regarding Kokaj's well-founded fear of persecution. On the contrary, Kokaj testified that his cousin, who was politically active, was killed in 2001.

Accordingly, the petition for review is granted and this matter is remanded for explicit findings on Kokaj's credibility, whether his experiences since the Socialists took power in Albania constitute persecution, and if so, whether there is sufficient evidence to rebut the presumption that he has a well-founded fear of future persecution. The motion for pauper status is granted for purposes of this review, and the request for the appointment of counsel is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.